# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BLUE SUNSETS, LLC, et al., | Case No. 2:18-cv-00090-JCM-NJK |
| Plaintiff(s), | ORDER |
| v. | (Docket No. 5) |
| MYKALAI KONTILAI, et al., | |
| Defendant(s). | |

Pending before the Court is Defendants' motion to seal the complaint. Docket No. 5. The motion suffers from several procedural deficiencies. First, although Defendants filed the motion as one seeking "ex parte" relief, *see id.* at 1, the motion was served on opposing counsel, *id.* at 7. By definition, the motion is not "ex parte." Local Rule IA 7-2(a). Moreover, Defendants have not provided sufficient explanation why the motion should be decided without allowing a response from Plaintiffs. Second, the motion to seal was itself filed under seal. Docket No. 5. No showing has been made (or even attempted) to explain why the motion to seal itself (and attachments thereto) should be kept secret.

The motion also suffers from numerous substantive deficiencies. Most significantly, it is well-settled that a request to seal a complaint must be supported by a showing of "compelling reasons," not simply "good cause." *E.g.*, *Billman Prop., LLC v. Bank of Am., N.A.*, 2015 WL 575926, at *1 (D. Nev. Feb. 11, 2015) (collecting numerous cases). The pending motion does not attempt to provide legal authority otherwise, and instead asserts that the lower "good cause" standard applies here since that standard applies when a party seeks to seal "documents attached to a non-dispositive motion." Docket

No. 5 at 2. That is not the situation here. Complicating matters further, other aspects of the motion also appear to be entirely misplaced in this case. *See, e.g.*, *id.* (arguing that entry of a protective order shows that good cause exists to seal the document, even though no such protective order exists in this case or has otherwise been identified).[1] Additionally, Defendants' argument is grounded on the existence of a non-disclosure agreement that they contend applies to some information in the complaint, but they have failed to provide any legal authority or meaningfully developed argument that the existence of an NDA, standing alone, suffices to seal court documents in light of the presumption of public access.[2]

For the reasons identified above, the motion to seal is **DENIED** without prejudice. In addition to any renewed attempt to seal the complaint, Defendants must also provide a basis for continuing to keep sealed their filing at Docket No. 5. Accordingly, a motion to seal Docket No. 5 must be filed by January 26, 2018, or the Court will unseal that motion and the exhibits thereto.

IT IS SO ORDERED.

DATED: January 19, 2018

                                              NANCY J. KOPPE
                                              United States Magistrate Judge

---

[1] Because there is no protective order in this case, the Court is not entirely clear what it is Defendants are attempting to argue here. The Court notes, however, that the fact that a court has entered a blanket stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See, e.g.*, *Florence v. Cenlar Fed. Savings & Loan*, 2017 WL 1078637, at *4 n.5 (D. Nev. Mar. 20, 2017) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) and *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

[2] The Court does not here attempt to catalogue all of the deficiencies with the motion, and there are others. *See, e.g.*, *Foltz*, 331 F.3d at 1137 (redaction rather than wholesale sealing is required whenever feasible). Any renewed motion must carefully review the legal standards and requirements for seeking the relief being sought.