UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BLUE SUNSETS, LLC, et al.,

    Plaintiff(s),

v.

MYKALAI KONTILAI, et al.,

    Defendant(s).

Case No.: 2:18-cv-00090-JCM-NJK

**Order**

[Docket No. 36]

Pending before the Court is Plaintiffs' motion to deem service valid, for sanctions, and, alternatively, to extend the time to effectuate service. Docket No. 36. No response has been filed. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **DENIED** in part and **GRANTED** in part.

**I.     MOTION TO DEEM SERVICE COMPLETED**

Plaintiffs contend that they have engaged in extensive efforts to personally serve Defendant Kontilai and have engaged in extensive efforts to convince his counsel to waive service, but to no avail. *See* Docket No. 36 at 3-4. Plaintiffs appear to concede that their efforts at personal service are ineffective. *See id.* at 3 ("Plaintiffs have been unable to serve Defendant Kontilai"); *id.* at 4 ("valid service on Kontilai proved elusive"). Plaintiffs also acknowledge that Defendant Kontilai has not agreed to waive service. *Id.* at 4-5. Plaintiffs argue that, given the evasion of actual service and "obstructionist tactics" with respect to waiver, the Court should simply deem service to have been effectuated. *See id.* The Court disagrees.

1

Plaintiffs have failed to explain why the Court should decide whether service should be deemed completed given that there is no justiciable dispute. There is no pending motion to dismiss for improper service, *see* Fed. R. Civ. P. 12(b)(4), no order to show cause regarding a potential lack of service, *see* Fed. R. Civ. P. 4(m), and no motion for default or default judgment requiring a finding that service has been completed, *see* Fed. R. Civ. P. 55. The Court declines to issue what amounts to an advisory opinion. *See, e.g.*, *United States v. Shaw*, 2016 WL 7175596, at *1 (D. Nev. Dec. 7, 2016) (citing *Flast v. Cohen*, 392 U.S. 83, 96 (1968)).[1]

## II. MOTION FOR SANCTIONS

Plaintiffs also seek an order granting them sanctions for Defendant Kontilai's refusal to waive service. Docket No. 5. This request is not meaningfully developed. Most significantly, sanctions are awarded to compensate for "the expenses later incurred **in making service**." Fed. R. Civ. P. 4(d)(2) (emphasis added). Plaintiffs' motion does not indicate that service was ever actually made. To the contrary, as noted above, the motion expressly indicates that service has not been made. Docket No. 36 at 3, 4. As such, the request for sanctions appears to be premature.

## III. MOTION TO EXTEND THE TIME FOR SERVICE

Plaintiffs lastly seek alternative relief in the extension of time to complete service. Docket No. 36 at 5.[2] The service deadline must be extended for good cause shown. Fed. R. Civ. P. 4(m). For good cause shown, the motion is **GRANTED** and the time to serve Defendant Kontilai is **EXTENDED** to 60 days from the issuance of this order.

---

[1] The cases cited by Plaintiffs involve motions litigated by both parties regarding the sufficiency of service. *See TRW, Inc. v. Derbyshire*, 157 F.R.D. 59, 60 (D. Colo. 1994) (motion to quash service); *Ali v. Mid-Atlantic Settlement Servs., Inc.*, 233 F.R.D. 32, 34 (D.D.C. 2006) (motion to set aside default filed in response to motion for default judgment); *Kennedy-Jarvis v. Wells*, 2014 WL 12788955, at *1 (D.D.C. June 26, 2014) (motion to dismiss).

[2] While making this alternative request, "Plaintiffs strongly suggest that any additional efforts to serve Defendant Kontilai will be futile given their exhaustive efforts to date." Docket No. 36 at 5. Plaintiffs have identified several unsuccessful attempts at personal service. *See, e.g.*, Docket No. 36-1 at ¶¶ 35, 36, 38, 39, 40, 42, 43, 44. Plaintiffs have not explained, however, why alternative means of service are not available in this case in the event that conventional service is truly not possible. *E.g.*, Nev. R. Civ. P. 4(e)(1)(i) (providing that, when a plaintiff shows that a defendant "by concealment seeks to avoid the service of summons," courts may allow service by publication).

**IV. CONCLUSION**

For the reasons discussed above, the motion is **DENIED** in part and **GRANTED** in part. In particular, the request to deem service completed is denied, the request for sanctions is denied, and the request to extend the time for service is granted.

IT IS SO ORDERED.

Dated: June 29, 2018

_____
Nancy J. Koppe
United States Magistrate Judge