UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BLUE SUNSETS, LLC, et al., | Case No. 2:18-CV-90 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| MYKALAI KONTILAI, et al., | |
| Defendant(s). | |

Presently before the court is Blue Sunsets, LLC and Jencess Software & Technologies, Inc.'s (collectively "plaintiffs") motion for an order entering confession of judgment. (ECF No. 46). Mykalai Kontilai and Collectors Coffee, Inc. (collectively "defendants") filed a response (ECF No. 51), to which plaintiffs replied (ECF No. 53).

Also before the court is defendants' countermotion to review the confidential settlement agreement to be filed under seal and to determine that defendants be excused from further performance under the confidential settlement agreement or in the alternative to stay enforcement pending resolution of *Kontilai et al. v. Dennin et al.*, case number 2:19-cv-00718. (ECF No. 49). Plaintiffs filed a response. (ECF No. 54). Defendants have not filed a reply, and the time to do so has passed.

Also before the court is plaintiffs' motion for leave to file supplemental authorities. (ECF No. 55). Defendants have not filed a response and the time to do so has passed.

**I.  Background**

On January 17, 2018, plaintiffs filed their seven-count complaint against defendants. (ECF No. 1). On July 23, 2018, after months of discovery, this court granted the parties' stipulation to dismiss the suit with prejudice. (ECF Nos. 43, 44).

**James C. Mahan**
**U.S. District Judge**

On March 1, 2019, plaintiffs filed a confession of judgment, signed under penalty of perjury by defendants. (ECF No. 45). One month later, plaintiffs filed their motion for an order entering confession of judgment. (ECF No. 46). All other pending motions in the present case stem from that motion.

The court gleans from the motions that the parties stipulated to dismiss this case because they entered into a confidential settlement agreement. (ECF Nos. 46, 49, 51). Pursuant to the settlement agreement, defendants were to make payments to plaintiffs by a specified date. (ECF No. 46 at 2). In the event of a default, the agreement authorized plaintiffs to file with the court the executed confession of judgment. *Id.* Defendants have since defaulted on their payments.[1] *Id.* Thus, plaintiffs move to enter the confession of judgment. (ECF No. 45).

Defendants now contend that the settlement agreement and confession of judgment are invalid because plaintiffs either breached the settlement agreement, threatened defendants to enter into the settlement agreement, or fraudulently induced defendants to enter into the agreement and sign the confession. (ECF Nos. 49, 51).

**II. Discussion**

There are three motions before the court that each arise out of the same occurrence. (ECF Nos. 46, 49, 55). Accordingly, the court reviews each motion in the order that will best inform the remaining motions. Thus, the court will first determine whether to file under seal the parties' confidential settlement agreement. (ECF No. 49). The court will next determine whether the confession of judgment is enforceable before determining whether to enter the confession of judgment without action. (ECF Nos. 46, 49). The court will then determine whether to grant plaintiffs leave to file supplemental authorities. (ECF No. 55). Lastly, the court will determine whether to stay enforcement of the instant motions pending resolution of *Kontilai et al. v. Dennin et al.* (ECF No. 49).

*1. Review confidential settlement agreement to be filed under seal*

A party seeking to file a confidential document must comply with the Ninth Circuit's directives set forth in *Kamakana v. City and County of Honolulu*:

---

[1] Neither party disputes that defendants defaulted on the final payment.

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

447 F.3d 1172, 1178–79 (9th Cir. 2006) (citations omitted). If the court decides to seal judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179.

Defendants move to file the settlement agreement under seal. (ECF No. 49). Plaintiffs do not oppose this request. (ECF No. 54 at 2). However, neither party asserts "compelling reasons" which outweigh the public's interest in disclosure. *See Kamakana*, 447 F.3d at 1178–79.

Defendants state in their motion to file the settlement agreement under seal that "defendants settled the [dispute with plaintiffs] to avoid a [SEC] investigation . . . ." (ECF No. 49 at 3). Defendants further state that "a[] SEC investigation . . . would not only interfere with [third party contracts], but also jeopardize the money of other investors . . . including . . . Mykalai Kontilai." *Id.*

These reasons fall squarely within the categories of "litigant's embarrassment, incrimination, or further litigation" that the Ninth Circuit has specifically held are ineffective to justify sealing a court document. *See Kamakana*, 447 F.3d at 1178–79. Further, there is no risk of public scandal from the settlement agreement because the SEC has already filed a complaint against defendants which is publicly listed on the SEC's website.[2] Accordingly, there is no compelling reason to file the settlement agreement under seal.

---

[2] Amended Complaint, U.S. Sec. & Exch. Comm'n v. Collector's Coffee, No. 19-cv-04355 (S.D.N.Y. filed Nov. 4, 2019), ECF No. 134, https://www.sec.gov/litigation/complaints/2019/comp-pr2019-227.pdf.

James C. Mahan
U.S. District Judge

- 3 -

Thus, defendants' request to file the confidential settlement agreement under seal is denied.

*2. Enforcement of the confession of judgment*

Defendants argue that the confession of judgment should not be enforced for the following reasons: (a) plaintiffs breached the settlement agreement when they described terms of the settlement agreement in their motion to enter confession of judgment, (b) plaintiffs threatened defendants to enter into the settlement agreement, and (c) plaintiffs fraudulently induced defendants to enter into the settlement agreement. (ECF No. 49).

Plaintiffs argue that defendants' allegations should not be considered by the court because they are speculative and wholly unsupported. (ECF No. 54 at 3).

*(a) Whether plaintiffs breached the settlement agreement*

Defendants allege that plaintiffs are in violation of the settlement agreement because they "discuss and describe terms of the confidential settlement agreement" in plaintiffs' motion to enter confession of judgment. (ECF No. 51 at 2). Plaintiffs respond that "the confidentiality provisions are null and void . . . because [d]efendants breached the [s]ettlement [a]greement." (ECF No. 54 at 2).

Defendants specifically cite "[p]laintiffs' [m]otion, p.2 II 8–18" as evidence that plaintiffs violated the settlement agreement by describing terms of the settlement agreement. (ECF No. 49 at 2). The statements and exhibits referenced in those lines clearly describe terms of the settlement agreement. *Id.* For instance, plaintiffs list "exhibit 2" to support the claim that plaintiffs were communicating with defendants before entering the confession of judgment. *Id.* However, plaintiffs inexplicably include "exhibit 2" without redacting the four lengthy block quotes taken directly from the settlement agreement. (ECF No. 46-3).

Whether either parties' breach affects enforceability of the confession of judgment hangs upon whether either parties' breach was material. *Crockett & Meyers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 440 F. Supp. 2d 1184, 1193 (D. Nev. 2006) ("A material breach by one party to a contract may excuse further performance by another party to the contract."); *Cain v. Price*, 415 P.3d 25, 29 (Nev. 2018) ("One party's material breach of a contract discharges the other party's

duty to perform his obligations under the contract." (citing Restatement (Second) of Contracts § 237 (Am. Law Inst. 1981))).

While plaintiffs' disclosure of the terms of the settlement agreement appears to constitute some form of breach, the disclosure occurred after defendants defaulted on their payments. If defendants' default constitutes a material breach of the parties' settlement agreement, plaintiffs are excused from compliance with the confidentiality provisions. *Id.* Further, even if defendants did not materially breach the contract, defendants are not excused from performance if plaintiffs' breach does not constitute a material breach. *Id.*

"Whether or not a breach of a contract is material and important is a question of degree that must be answered by weighing the consequences of the breach . . . ." AM. JUR. 2D CONTRACTS § 670 (1964). A material breach generally occurs when the breach involves an essential element of the contract which induced the non-breaching party to enter the contract. *See id.* Thus, the consequences of defendants' default and plaintiffs' disclosures determines whether each breach is material.

Defendants' default clearly involves an essential element of the contract. Defendants' promise to pay was the consideration for plaintiffs to enter the settlement agreement and stipulate to dismiss the suit. (ECF No. 46 at 2). Thus, defendants' default constitutes a material breach that excused plaintiffs from further duties imposed by the settlement agreement, including their duty to comply with the confidentiality provision of the settlement agreement.

Plaintiffs disclosure of the confidential settlement agreement is not indicative of a material breach. The confidentiality clause of the settlement agreement was intended to shield defendants from a SEC investigation. (ECF No. 49 at 3). As discussed in section II.2.b below, the SEC began investigating defendants and subpoenaed plaintiffs in September 2017. Plaintiffs' disclosure of the terms of the settlement agreement occurred on April 12, 2019, when they filed their motion to enter confession of judgment. While plaintiffs' disclosure involves an essential element of the settlement agreement, the reason why the confidentiality provision induced defendants to enter the contract has since evaporated, as breach of the confidentiality provision no longer carries the consequence of triggering an SEC investigation. Accordingly, plaintiffs breach was not material.

Thus, defendants have not proven that the settlement agreement or confession of judgment are unenforceable due to plaintiffs' breach.

*(b) Whether plaintiffs threatened defendants to enter into the settlement agreement*

Defendants argue that plaintiffs "threatened what is obviously criminal charges in order to advance their position in a civil matter . . . ." (ECF No. 49 at 5). Specifically, defendants claim that plaintiffs threatened to subject defendants to a SEC investigation if defendants did not agree to pay plaintiffs. *Id.* Defendants thus argue that they should be excused from performance due to duress.[3]

Correspondence between plaintiffs' and defendants' attorneys on March 17, 2017, is indicative of threatening conduct which could render the contract invalid.[4] *Id.* at 8–10. If defendants made this argument in 2017, it may would have been compelling. However, defendants' "exhibit 2" shows that the SEC subpoenaed defendants and plaintiffs on September 21, 2017. *Id.* at 13, 17. Plaintiffs were thus compelled to provide the SEC with information, presumably concerning their business with defendants, at that time. Yet, roughly 10 months after the SEC subpoena, the parties entered into the "First Amended Settlement Agreement" around July 17, 2018. (ECF No. 46-1 at 2).

"Once the duress that forced a party to agree to a contract has ceased to exist, the victim of duress must tell the other party that it regards the contract as void, or else lose the voidability created by the duress." *International Techs. Consultants v. Pilkington PLC*, 137 F.3d 1382, 1392 (9th Cir. 1998) (citing Restatement (Second) of Contracts § 381(1)).

Defendants did not inform plaintiffs or the court that they regarded the settlement agreement as void due to duress before their payment was due. Instead, they raised this issue only after they defaulted on their payment and plaintiffs entered the confession of judgment. If defendants truly believed that plaintiffs made an improper threat, they could have—and should

---

[3] Although "duress" is not explicitly listed as an affirmative defense in defendants' motion, the elements of the defense are discussed in defendants' argument section. (ECF No. 49 at 5).

[4] "[Plaintiffs] demand return of their principle amount invested . . . . If payment is not made . . . [plaintiffs] will . . . file formal complaints with the SEC . . . ." (ECF No. 49 at 10).

have—informed plaintiffs or the court as much between the onset and the amendment of the settlement agreement.

By the time defendants agreed to amend the settlement agreement, the SEC had long since subpoenaed plaintiffs and begun investigating defendants. Defendants nevertheless continued to negotiate and contract with plaintiffs even though plaintiffs reporting defendants' conduct to the SEC was no longer a threat. By not voiding the settlement agreement in a reasonable time after the alleged duress had subsided, defendants lost the ability to do so now. *See Pilkington*, 137 F.3d at 1392.

Thus, defendants are not excused from performance under the settlement agreement due to threats or duress.

*(c) Whether plaintiffs fraudulently induced defendants to enter into the settlement agreement*

"A defendant confessing judgment is estopped, in the absence of fraud, to question its validity on account of irregularities to which he did not object, or to dispute any facts set forth in the confession." *Coast to Coast Demolition & Crushing, Inc. v. Real Equity Pursuit, LLC*, 126 Nev. 97, 105 (2010) (quoting *Johnson v. Alvis*, 165 S.E. 489, 490 (Va. 1932)). "[I]n the case at bar, defendants are very much asserting fraud. Specifically, fraud in the inducement." (ECF No. 49 at 4). Before granting plaintiffs' motion to enter confession of judgment, the court must determine whether there was fraud in the inducement of the settlement agreement.

To establish fraud in the inducement, defendants must prove the following elements: (1) plaintiffs made a false representation; (2) plaintiffs had knowledge or belief that the representation was false (or knowledge that they had an insufficient basis for making the representation); (3) plaintiffs had the intention to therewith induce consent to formation of a contract; (4) defendants justifiably relied upon the misrepresentation; and (5) damage to defendants resulted from such reliance. *A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004).

Defendants allege that plaintiffs falsely represented that they had not and would not contact the SEC if defendants entered into the settlement agreement and signed the confession of

judgment. (ECF No. 49 at 4). Defendants further allege that "defendants were subjected to a SEC investigation and plaintiffs were subpoenaed on the very same day that the defendants were subpoenaed, clearly indicating that plaintiffs were the ones who reported." *Id.* at 5.

That plaintiffs were subpoenaed at the same time as defendants does not prove that the plaintiffs entered into the settlement agreement through false representations. The case at bar reminds the court of *Bell Atl. Corp. v. Twombly*. 550 U.S. 544 (2007). The Court in *Twombly* found that plaintiffs failed to sufficiently allege that illegal noncompete agreements existed because there was "a natural explanation for the noncompetition . . . ." *Id.* at 567. While the Court in *Twombly* was reviewing a motion to dismiss, the Court's rational is applicable here.

According to defendants, "the contracts defendants were securing with third parties were valuable . . . a[] SEC or other similar investigation would . . . jeopardize the money of other investors." (ECF No. 49 at 3). While defendants were negotiating with plaintiffs, defendants were also engaging in investment deals with multiple third parties. A natural explanation for the SEC's investigation is that another aggrieved party informed the SEC of defendants' alleged actions. That plaintiffs were subpoenaed proves an investigation was occurring, not that plaintiffs triggered the investigation. There is simply no direct evidence showing plaintiffs caused the SEC's investigation of defendants.

Thus, defendants have not proven that plaintiffs made a false representation. Consequently, there is no falsity for plaintiffs to have had knowledge of. Nor can defendants show inducement, justifiable reliance, or damages stemming therefrom.

Therefore, defendants fail to prove their claim that the confession of judgment was fraudulently induced and are not excused from performance.

*3. Entry of the confession of judgment*

Plaintiffs attach a confession of judgment signed by defendants to the instant motion. (ECF No. 46-2). Pursuant to Nevada Revised Statute § 17.100:

> A statement in writing shall be made, signed by the defendant and verified by his or her oath, to the following effect:
> 1. It shall authorize the entry of judgment for a specified sum.
> 2. If it be money due, or to become due, it shall state concisely the facts out of which it arose, and shall show that the sum confessed therefor is justly due, or to become due.

James C. Mahan
U.S. District Judge

- 8 -

> 3. If it be for the purpose of securing the plaintiff against a contingent liability, it shall state concisely the facts constituting the liability, and shall show that the sum confessed therefor does not exceed the same.

Nev. Rev. Stat. § 17.100.

Defendants have signed the confession of judgment under penalty of perjury. (ECF No. 46-2 at 4). As discussed in section II.2.c, there are no issues of fraud preventing the court from entering the confession of judgment. Thus, pursuant to NRS 17.100, the court will enter the confession if it complies with the three statutory requirements.

Here, the confession of judgment states is for money that will become due. First, it states "[d]efendants agree and are hereby obligated to make a payment to plaintiffs in the amount of [s]ix [h]undred [t]wenty-[f]ive [t]housand [d]ollars ($625,000)." (ECF No. 46-2). Further, it provides "the parties . . . are entering into a confession of judgment for money to become due as a result of a mutually agreed upon settlement . . . dated July 17, 2018 . . . ." *Id.* at 3. Finally, it clarifies "in the event of a default by [d]efendants of the [f]inal [p]ayment under the terms of the [s]ettlement [a]greement, [d]efendants agree and are hereby obligated . . . ." *Id.*

Thus, the confession of judgment authorizes entry of judgment for a specified sum of $625,000. Further, it concisely states that it arose out of the parties' settlement agreement. Finally, it shows the sum is justly due because defendants defaulted on their payment.

Accordingly, the confession of judgment complies with NRS § 17.100 and is entered without action pursuant to NRS § 17.090.

  *4. Plaintiffs' motion for leave to file supplemental authorities*

Plaintiffs also move to file supplemental authorities. (ECF No. 55). Specifically, they wish to enter a complaint filed by the SEC against defendants on four counts of fraud. *Id.* As the court has already found in favor of the plaintiffs on their motion to enter confession of judgment and against the defendant on their motion to excuse performance, this request is unnecessary. Thus, plaintiffs' motion is denied as moot.

  *5. Defendants' motion in the alternative to stay enforcement pending resolution of Kontilai et al. v. Dennin et al.*

James C. Mahan
U.S. District Judge

- 9 -

*Kontilai et al. v. Dennin et al.* is resolved. In that suit, defendants—there, plaintiffs—failed to timely provide the court with proof of service. Case number 2:19-cv-00718, ECF No. 15. Accordingly, the suit was dismissed without prejudice. *Id.*

Thus, defendants' motion to stay enforcement is denied as moot.

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion for an order entering confession of judgment (ECF No. 46) be, and the same hereby is, GRANTED, and the case is closed.

IT IS FURTHER ORDERED that defendants' motion to review the confidential settlement agreement to be filed under seal and to determine that defendants be excused from further performance under the confidential settlement agreement or in the alternative to stay enforcement pending resolution of *Kontilai et al. v. Dennin et al.* (ECF No. 49) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiffs motion for leave to file supplemental authorities (ECF No. 55) be, and by the same hereby is, DENIED as moot.

The clerk is instructed to enter judgement and close the case accordingly.

DATED March 9, 2020.

_____
UNITED STATES DISTRICT JUDGE